# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                                         **Case No. 6:08-cv-2179-Orl-28GJK**

**BEVERLY J. CAMPBELL,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)** |
| **FILED:** | **February 10, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## I.    BACKGROUND

On December 19, 2008, United States of America (the "Plaintiff") filed a complaint (the "Complaint") against Beverly J. Campbell (the "Defendant") to collect amounts owed on student loans. Doc. No. 1. Specifically, Plaintiff alleges that Defendant defaulted on her student loans and is currently indebted $9,148.52. *Id.* After being personally served with summons and a copy of the complaint on January 5, 2009 (Doc. No. 5), the Defendant did not respond to the Complaint. On February 5, 2009 and pursuant to Rule 55(a), Federal Rules of Civil Procedure,

the Clerk entered default against the Defendant. Doc. No. 7. On February 10, 2009, the Plaintiff filed the instant Motion for Entry of Default Judgment (the "Motion"). Doc. No. 8. Pursuant to Local Rule 1.07(b), the Motion is timely. The Defendant failed to file any opposition to the Motion. The Motion is presently before the Court.

## II. THE LAW

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55 (b)(2) addresses the entry of default judgment by the court and states:

In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings or make referrals</u>–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment , it needs to</u>:
    A) conduct an accounting;
    B) <u>determine the amount of damages</u>;
    C) establish the truth of any allegation by evidence; or
    D) investigate any other matter.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

Fed. R. Civ. P. 55(b)(2) (emphasis added). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

## III. ANALYSIS

### A. Damages

After reviewing the Complaint, the Certificate, the Motion, and the attached affidavit, the undersigned recommends that the Defendant's defaulted education loan should be reduced to judgment. In its affidavit, Plaintiff states that as of February 9, 2009, the total amount due was $9,203.75, calculated as follows: principal in the amount of $4,849.13 and interest at the rate of 8% per annum through February 9, 2009. Doc. No. 8 at 8. Plaintiff requests that the Court enter judgment against Defendant in the amount of $9,203.75, plus interest at the rate of 8% per annum from February 9, 2009 to the date of judgment and post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961. *Id.*

### B. Costs

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id*. In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $375.00 for the filing fee ($350.00), and for the costs of service of process ($25.00). Doc. No. 8 at 3. The filing fee and the costs of service

of process are allowable under the statutes. 28 U.S.C. § 1961. Thus, the undersigned recommends that the Court find the total costs sought ($375.00) are reasonable.

**THEREON** it is RECOMMENDED that:

1. Plaintiff's Motion be GRANTED;

2. Plaintiff be awarded the total balance of $9,203.75 as detailed above;

3. Plaintiff be awarded interest in the amount of 8.00 percent per annum on the principal amount of $4,849.13 from February 9, 2009 through the date of judgment; and

4. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Beverly Campbell, 357 Crystal Ridge Way, Lake Mary, Florida 32746.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on April 15, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Court Judge
Counsel of record
Unrepresented part by certified mail

4